# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIESET GALARZA-RUIZ,<br><br>    *Petitioner*,<br><br>v.<br><br>BARRY SMITH, *et al.*,<br><br>    *Respondents*. | CIVIL ACTION<br>NO. 16-5769 |

## ORDER

**AND NOW,** this 1st day of May, 2018, upon consideration of the parties' submissions (ECF Nos. 14, 17 & 18), and after careful and independent review of Magistrate Judge Linda K. Caracappa's Report and Recommendation (ECF No. 20), it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED**;[1]

---

[1] When no objection is made to a Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). The Court finds no clear error and accepts Judge Caracappa's recommendation for the reasons that follow.

    On July 17, 2014, Galarza-Ruiz entered an open guilty plea to ten counts of robbery, five counts of criminal conspiracy and one count of burglary. (Def.'s Resp., Ex. B, ECF No. 17.) On September 30, 2014, he was sentenced to fifteen to thirty years' imprisonment. (*Id.*, Ex. C.) Galarza-Ruiz seeks habeas relief, arguing that (1) his guilty plea was involuntary and entered in violation of his due process rights because he was never told he could get consecutive sentences and (2) trial counsel was ineffective for failing to inform him of same. (*See* Pl.'s Pet., ECF No. 14.) The Commonwealth opposes Galarza-Ruiz's request for review because his petition is untimely, unexhausted, procedurally defaulted and non-meritorious. (Def.'s Resp. at 6, ECF No. 17.)

    "In the case of a person incarcerated from a judgment of a state court, a prerequisite to federal habeas review is that the petitioner have exhausted the remedies available to him in the state courts to the extent such remedies exist and are effective." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). "Where a state court refuses to consider a petitioner's claims because of a violation of state procedural rules, a federal habeas court is barred by the procedural default doctrine from considering the claims, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto." *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004) (citations omitted). Ineffective assistance of counsel can constitute cause for default, however, "the exhaustion doctrine generally requires that an ineffective assistance claim 'be

2. Galarza-Ruiz's petition for a writ of habeas corpus is **DENIED**; and,

3. The Clerk of Court shall close the case for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Werts*, 228 F.3d at 193 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Galarza-Ruiz's claims are unexhausted and procedurally defaulted. Galarza-Ruiz failed to argue in his direct appeal that his plea was involuntary. (Def.'s Resp., Ex. G & Ex. H-2.) Further, in conducting an independent review of the record "to discern if there were any additional, non-frivolous issues" counsel overlooked, the Pennsylvania Superior Court held that to the extent Galarza-Ruiz's appeal could be construed as challenging the voluntariness of his plea, the claim was waived by his failure to either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. (*Id.*, Ex. I at 8.) Thus, for this Court to review the due process claim, Galarza-Ruiz would have to show cause and prejudice.

Even assuming Galarza-Ruiz could rely on his ineffective assistance of counsel claim to show cause for the default, that claim is also unexhausted and procedurally defaulted. In his PCRA petition, Galarza-Ruiz alleged that trial counsel provided ineffective assistance at his guilty plea because he would not have plead guilty if he had known that he could receive consecutive sentences. (*Id.*, Ex. K.) However, Galarza-Ruiz decided to withdraw his PCRA petition (*see id.*, Ex. M) and any attempt to refile would now be untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Galarza-Ruiz asks the Court to excuse the default because his PCRA counsel "talked [him] into withdrawing the PCRA Petition" instead of arguing that trial counsel was ineffective. (Pl.'s Reply at 1–2, ECF No. 18.) Generally, ineffective assistance of post-conviction counsel does not qualify as "cause" to excuse a procedural default. *Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 449 (3d Cir. 2018) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A narrow exception to the *Coleman* standard was set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), and "will serve to establish cause when 'three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding . . . and (c) the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit[.]'" *Mack v. Superintendent Mahanoy SCI*, 714 F. App'x 151, 153 (3d Cir. 2017) (quoting *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014)). Under the two-part analysis established in *Strickland v. Washington*, 466 U.S. 668 (1984), for ineffective assistance, Galarza-Ruiz must show 1) that counsel's actions "were not supported by a reasonable strategy" and 2) that the errors were prejudicial. *United States v. Washington*, 869 F.3d 193, 202 (3d Cir. 2017) (quoting *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)).

*Martinez* does not excuse default in this case. PCRA counsel did not fail to raise the defaulted claim; rather, after thoroughly discussing the issue with his lawyer, Galarza-Ruiz decided to withdraw his PCRA petition. (*See* Def.'s Resp., Ex. M.) The PCRA Court conducted a colloquy with Galarza-Ruiz to ensure that his decision to withdraw was knowing and intelligent. (*Id.*) Galarza-Ruiz does not allege any unreasonable "errors" that his PCRA counsel committed. He simply now disagrees with his decision to withdraw his PCRA petition based on the advice he received from his PCRA counsel. The *Martinez* exception is intended to preserve Sixth Amendment rights, not provide litigants with another bite at the apple.

2